# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 1 C 4370 | **DATE** | 2/5/2002 |
| **CASE TITLE** | John E. Gierum vs. Carolyn Kontrick et al | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, the defendants/appellants' motion for leave to appeal the interlocutory order of the bankruptcy court is hereby [0-1] denied. This appeal is dismissed. The ruling date set for 2/26/2002 is hereby stricken.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | **Document Number** |
|---|---|---|---|---|---|
| | No notices required. | | number of notices | | |
| | Notices mailed by judge's staff. | | FEB 1 4 2002 | | |
| | Notified counsel by telephone. | | date docketed | | 8 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | | |
| | | | FEB 1 4 2002 | | |
| | | 02FEB 13 PM 3:16 | date mailed notice | | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN E. GIERUM, not individually, but )
as chapter 7 trustee for the estate of )
Andrew J. Kontrick, )
) No. 01 C 4370
       Plaintiff/appellee, )
) Judge Wayne R. Andersen
     v. )
)
CAROLYN KONTRICK and )
ANDREW J. KONTRICK, M.D., S.C., )
)
       Defendants/appellants. )

DOCKETED

FEB 1 4 2002

## MEMORANDUM OPINION AND ORDER

This case is before the Court on defendants/appellants Carolyn Kontrick and Andrew J.

Kontrick's motion for leave to appeal an interlocutory order entered by Judge John D. Schwartz

of the United States Bankruptcy Court for the Northern District of Illinois. For the following

reasons, we deny leave to appeal the bankruptcy court's order.

### BACKGROUND

Andrew J. Kontrick, M.D. filed a chapter 7 bankruptcy case on April 4, 1997. John E.

Gierum was appointed trustee for his bankruptcy estate. On April 2, 1999, the trustee filed a

complaint against Kontrick's wife, Carolyn Kontrick, and his service corporation, Andrew J.

Kontrick, M.D.S.C., seeking to recover alleged fraudulent transfers of Kontrick's salary from

Carolyn or the service corporation.

The defendants moved to dismiss this initial complaint for failure to plead fraud with

particularity pursuant to Federal Rule of Civil Procedure 9(b) and its parallel provision Federal



Rule of Bankruptcy Procedure 7009. In response to this motion, the trustee withdrew the first complaint and requested leave to file an amended complaint. The defendants again moved to dismiss the amended complaint on the grounds of insufficient pleading of fraud and again the trustee withdrew the complaint.

On November 22, 1999, the trustee filed his Second Amended Complaint. Once again, the defendants moved to dismiss this complaint for, among other things, a failure to plead fraud with sufficient particularity. The trustee did not withdraw this complaint and on April 27, 2000, Judge Schwartz issued an opinion granting the motion to dismiss. In his opinion, Judge Schwartz indicated that the trustee would "have one final bite at the apple to properly plead consistent and explicit facts to support the allegations in the Complaint." (Mem Op. at 1-2.)

On May 30, 2000, the trustee filed his Third Amended Complaint naming Carolyn and the Kontrick service corporation as defendants and raising essentially the same allegations he had in the earlier complaints. Specifically, the trustee alleged that sometime in either 1992 or 1993, the debtor, Andrew Kontrick, no longer possessed a personal checking account and that, as a consequence, he deposited his salary into an account opened in his wife's name. The Third Amended Complaint also stated that Kontrick disclosed to a creditor, Robert Ryan, during the course of a citation to discover assets in June 1993, that he did not have any assets to satisfy a judgment entered against him in the Circuit Court of Cook County.

The defendants moved to dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Federal Rule of Bankruptcy Procedure 7012). In their motion, the defendants maintained that the trustee's latest complaint did not cure the defect (i.e. conclusory allegations of transfers to the service corporation) that had compelled the court to

2

dismiss the previous complaint. Specifically, the defendants argued that, though transfers were made by the corporation, there were no factual allegations to establish the trustee's claim that the corporation also received some undefined amount of Kontrick's salary every time it issued a check.

The defendants also asserted that the trustee's claim was barred by laches because Ryan knew at the time of the citation to discover assets in June 1993 that Kontrick no longer had a bank account in his own name and that his salary was being deposited into a family account in his wife's name. The defendants argued that Ryan could have at that point brought legal action to challenge this practice if it was actually fraudulent. Instead, defendants claimed that Ryan acquiesced in the financial arrangement and allowed the alleged fraudulent transfers to accumulate over a period of numerous years.

The bankruptcy court held a status hearing on December 21, 2000 on the motion to dismiss. At that time, the court stated that the trustee's complaint was on the "razor's edge" and that the trustee stated a claim by only a "millimeter." Nevertheless, Judge Schwartz denied the motion to dismiss holding that the same transfers made *by* the service corporation could, at the same time, also constitute transfers *to* the service corporation, and thus the trustee's complaint did in fact state a claim. On March 22, 2001, the bankruptcy court denied the defendants' motion to reconsider its denial of the motion to dismiss.

## DISCUSSION

The denial of a motion to dismiss by a bankruptcy court is an interlocutory order. As a result, the defendants/appellants may appeal such an order of the bankruptcy court only if they obtain leave of the district court. 28 U.S.C. § 158(a). It is within the district court's discretion to

decide whether to allow the appeal. *In re Jartran, Inc.*, 886 F.2d 859, 866 (7th Cir. 1989).

Although the Bankruptcy Code does not provide an explicit standard for assessing the

appropriateness of such an appeal, courts in this district have applied the standard set forth in 28

U.S.C. § 1292(b), which governs interlocutory appeals from the district court to the court of

appeals, to the bankruptcy context. *See, e.g., In re OBT Partners*, 218 B.R. 418, 419 (N.D. Ill.

1998); *In re Energy Insulation, Inc.*, 143 B.R. 490, 493 (N.D. Ill. 1992) (citing *In re Lifschultz*

*Fast Freight Corp.*, 127 B.R. 418 (N.D. Ill. 1991)); *In re Bowers-Siemon Chemicals Co.*, 123

B.R. 821, 824 (N.D. Ill. 1991).

District courts applying the standard set forth in § 1292(b) in bankruptcy appeals have

adopted its three part test. Under the three part test, an interlocutory appeal is appropriate when

it: 1) involves a controlling question of law; 2) over which there is a substantial ground for

difference of opinion; and 3) an immediate appeal from the order may materially advance the

termination of the litigation. *See* 28 U.S.C. § 1292(b); *Trustee of Jartran, Inc v. Winston &*

*Strawn*, 208 B.R. 898, 900 (N.D. Ill. 1997); *In re Capen Wholesale, Inc.*, 184 B.R. 547, 549

(N.D. Ill. 1995). In considering the Kontrick's motion for leave to appeal the bankruptcy court's

interlocutory order denying the motion to dismiss under 28 U.S.C. § 158(a), the Court adopts the

three part test of § 1292(b).

The Seventh Circuit has recently provided additional guidance to district courts in this

circuit regarding the correct application of the § 1292(b) three part test. In *Ahrenholz v. Board of*

*Trustee of the Univ. of Illinois*, 219 F.3d 674 (7th Cir. 2000), the court provided a definition of

"question of law" that is instructive in this case. The court stated that a "question of law" as used

in § 1292(b) "has reference to a question of the meaning of a statutory or constitutional

4

provision, regulation, or common law doctrine . . . ." *Id.* at 676. The court then stated that interlocutory appeals should be reserved for "'pure' question[s] of law rather than merely to an issue that might be free from a factual contest." *Id.* at 677. To summarize its holding on this point, the court stated that a "'question of law' means an abstract legal issue. . . ." *Id.*

While the Seventh Circuit in *Ahrenholz* was addressing the propriety of using § 1292(b) to appeal the denial of a motion for summary judgment, we believe that the court's logic is equally applicable in the context of a motion to dismiss. In both situations, a reviewing court is generally not faced with an issue concerning the "meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* at 676. Rather, the trier of fact either must determine if the party opposing summary judgment has raised a genuine issue of material fact or, in the context of a motion to dismiss, whether the complaint as filed states a claim upon which relief may be granted. In most cases, neither of these findings involve what the Seventh Circuit has identified as a "pure question of law" or an "abstract legal issue." *Id.* at 677.

The logic of the Seventh Circuit's holding in *Ahrenholz* regarding interlocutory appeals is compelling. If parties were free to appeal the interlocutory orders of trial courts without strictly adhering to the requirements of § 1292(b), then reviewing courts (both the court of appeals over decisions rendered by the district courts and the district courts over decisions from bankruptcy and magistrate judges) would simply be overwhelmed with countless appeals. As the Seventh Circuit suggested, § 1292(b) was not intended to make denials of dispositive motions routinely appealable. *See Ahrenholz*, 219 F.3d at 676.

In the case at bar, the defendants/appellants request that we grant their motion for leave to file an interlocutory appeal of the bankruptcy court's denial of their motion to dismiss. In

support of their motion, the Kontricks argue that the controlling question of law in this case is whether the complaint properly stated a fraudulent transfer claim and whether the equitable doctrine of laches barred relief. Analyzing these arguments with *Ahrenholz's* definition of "question of law" in mind, we conclude that the defendants/appellants' motion does not present a question of law. We can find no evidence of a "pure" question of law regarding the meaning of a "statutory or constitutional provision, regulation, or common law doctrine." Rather, we view the appellants' motion as raising factual issues concerning the impact of certain transfers by and to the Kontrick service corporation. The appellants are hard-pressed to convince this Court that such an argument raises a "pure" or "abstract" question of law. Further, while the appellants may contend that the laches issue presents a "pure" question of law, we disagree. Nowhere in their papers do the appellants suggest that the laches issue is either complex, unique, or "abstract." Rather, they merely quibble with Judge Schwartz's application of the common law elements for laches. To us, this does not constitute a "question of law" that is sufficient to permit an interlocutory appeal.

The appellants also argue that we should grant their motion for leave to file an interlocutory appeal in this case because there is a substantial ground for difference of opinion as to the outcome of the motion to dismiss denied by Judge Schwartz. In support of this position, the Kontricks assert that there must be a difference of opinion as to the outcome of the motion because Judge Schwartz observed that the Third Amended Complaint was "on the razor's edge" and stated a claim only by a "millimeter." The statements made by the bankruptcy court do not, in and of themselves, illustrate that there is a true difference in opinion among reasonable jurists on whether the motion to dismiss was properly denied. In fact, our reading of the court's

decision suggests that Judge Schwartz's comments merely reflect his belief that this was a close call, but also one that was certainly supported by applicable legal precedent. The appellants have cited no authority of their own demonstrating that other courts faced with the same situation would have resolved the case differently. Therefore, because the defendants/appellants have not satisfied the three prong test of § 1292(b), we will deny their motion for leave to appeal.

## CONCLUSION

For the foregoing reasons, the defendants/appellants' motion for leave to appeal the interlocutory order of the bankruptcy court is hereby denied. This appeal is dismissed. The ruling date set for February 26, 2002 is hereby stricken.

Wayne R. Andersen
United States District Judge

Dated: February 12, 2002